Ann K. Chapman, OSB #78100
Douglas R. Ricks, OSB #04402
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
TELEPHONE: (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Defendant

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 14-33702-tmb13 |
| | ) | |
| Jonathan Griffith Herbert | ) | |
| Tiffany Lynn Herbert | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Bender Industrial Group, Inc. | ) | ADV. PRO. NO. 14-03211-tmb |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION FOR PARTIAL |
| vs. | ) | SUMMARY JUDGMENT |
| | ) | |
| Tiffany Lynn Herbert | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant, Tiffany Lynn Herbert, filed the above-referenced Chapter 13 bankruptcy case along with her husband, Jonathan Herbert. After the filing of the Chapter 13 case, Plaintiff took it upon itself to contact the Washington County Circuit Court and the Washington County District Attorney in an effort to collection on a restitution judgment against Defendant. Plaintiff did not obtain relief from the automatic stay before taking this collection action and falsely claimed that the Defendant was not in compliance with the

Page 1 of 13 -  MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

terms of her probation. Plaintiff's actions caused damage to Defendant, and Defendant has asserted counterclaims against Plaintiff in this proceeding. Plaintiff, in response to Defendant's counterclaims, claims that its actions are excepted from the automatic stay under Section 362(b)(1). While that section would clearly except an active criminal proceeding, it does not protect a non-prosecutorial, non-judicial entity from taking action, post judgment, to take actions to collect on a restitution judgment. As a result, Plaintiff's defense under Section 362(b)(1) should be dismissed.

The Debtors confirmed a plan, which if completed will result in a discharge under 11 U.S.C. Section 1328(a). Plaintiff filed its complaint seeking to hold its claim(s) against Defendant as non-dischargeable under three different sections of the Bankruptcy Code. One of those claims arises under Section 523(a)(6) of the Code. As that section is not an exception to the discharge sought by the Defendant under Section 1328(a), Plaintiff's 523(a)(6) claim is at worst unfounded and at best not ripe for determination. In either case, Plaintiff's 523(a)(6) claim must be dismissed.

Defendant's Motion for Partial Summary Judgment (the "Motion") seeks a ruling from the Court on both Plaintiff's affirmative defense under Section 362(b)(1) and Plaintiff's claim under Section 523(a)(6).

## LEGAL STANDARD

A party is entitled to summary judgment if the available pleadings and evidence demonstrate that there is no issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7056). The evidence must be viewed in the light most favorable to the nonmoving party. *In re Kaypro*, 218 F.3d 1070, 1073 (9th Cir. 2000).

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

However, the moving party need not produce evidence negating the other party's claim but must only point out the absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Genuine issues of material fact are those "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Thus, "a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 255.

## ARGUMENT

As the parties have agreed that there is no issue of material fact, the Motion is proper for summary judgment. For the following reasons, the Motion should be decided in Defendant's favor.

I.  Plaintiff's Reliance on Section 362(b)(1) is Misplaced.

In their reply to Defendant's affirmative defenses and counterclaims, Plaintiff assert that its post-petition actions to collect on the restitution judgment are excused by Section 362(b)(1). That section provides that "[t]he filing of a petition . . . does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). A close examination of the relevant facts in this case demonstrates that this exception to the automatic stay does not apply. Instead, Plaintiff's actions represent an attempt to end-run around the automatic stay and this Court's authority.

Defendant was indeed a party to a criminal action which involved the Plaintiff. *See* Joint Statement of Agreed Facts ("JSAF"), ¶4. However, that proceeding had reached its

Page 3 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

conclusion long before the filing of Defendant's bankruptcy petition. *Id.* at ¶4, Ex.D. The state court in the criminal proceeding had rendered a judgment, which was not appealed, and the Defendant had served her sentence and was in compliance with the terms of her probation. *Id.* at ¶4. The only remaining obligation was for the payment of restitution, which was part of the criminal judgment and was not yet due on the date of the bankruptcy filing. *Id.* at ¶4, Ex. D.

Plaintiff stands to benefit from the payment of the restitution judgment. However, Plaintiff is without any authority to assert itself in the criminal proceeding and lacks standing to seek collection on the restitution judgment. *See* ORS 137.118. Nonetheless, Plaintiff took action after the filing of the bankruptcy to have those with such authority and standing to collect on its behalf. *Id.* at ¶5. Plaintiff sent letters to both the state court and the district attorney to "take any other action to enforce payment by [Defendant]." *Id.* at Ex.E. This effort was fruitful for Plaintiff as it resulted in an order requiring monthly payments by Defendant and a conversion of the award from restitution to a compensatory fine, which potentially allows Plaintiff to recover significantly more from Defendant. *Id.* at ¶7, Ex. I. Viewed in the light most favorable to Plaintiff, and without conceding any of the points therein, the table below highlights Plaintiff's legal position before and after taking actions in violation of the automatic stay.

|  | **As of Petition Date** | **After Stay Violation** |
|---|---|---|
| **Criminal Remedy** | • Restitution Award of $11,095.48;<br>• Level II obligation (out of five) in payment priority; and<br>• Monthly payments only as required by Probation Officer; | • Compensatory Fine of $11,095.48;<br>• Level I obligation in payment priority; and<br>• Monthly payments to the State of Oregon of $50.00 per month. |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

| Civil Remedy | • Default judgment of $17,089.16 plus 9% interest;<br>• Claimed to be non-dischargeable;<br>• Damages may be capped by restitution award; and<br>• Subject to dollar-for-dollar setoff upon payment of Restitution Award; | • Default judgment of $17,089.16 plus 9% interest;<br>• Claimed to be non-dischargeable;<br>• Unclear if damages may be capped by compensatory fine; and<br>• No setoff upon payment of Compensatory Fine; |
|---|---|---|

The above demonstrates a tremendous disturbance in the status quo as of the petition date, which the automatic stay is designed to prevent. Plaintiff's actions allowed it to receive monthly payments ahead of other creditors, including priority creditors. In addition, the step-up in priority ensures that more of the monthly payments made to the State are paid to Plaintiff on the compensatory fine. *See* ORS 137.146, 137.149. Also, Defendant's view is that Plaintiff held a potentially non-dischargeable claim of $11,095.48 (equal to the restitution award) on the petition date, which would have been fully satisfied when the restitution award is paid. *See* ORS 137.109. Therefore Plaintiff could receive, at most, a total of $11,095.48 from Defendant. After its actions, Plaintiff now has a potentially non-dischargeable claim of over $17,000.00 of which none will be satisfied when the restitution award (now a compensatory fine) is paid. *Compare* ORS 137.101 *with* ORS 137.109(1). This effectively increased Defendant's potential exposure to Plaintiff by over 100%, as Plaintiff would receive $11,095.48 from the compensatory fine plus additional $17,089.16 plus 9% interest on its civil judgment. Again, these are taking the view most favorable to Plaintiff, and Defendant does not concede she is liable to Plaintiff outside of the obligations imposed by the criminal judgment.

Plaintiff's post-petition actions in no way represent the "commencement or

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

continuation of a criminal action or proceeding." 11 U.S.C. § 362(b)(1). These were not the actions of a judge adjudicating a criminal case brought before her. *See e.g. United States v. Colasuonno*, 697 F.3d 164, 170 (2nd Cir. 2012). Nor were they the actions of a prosecuting attorney faithfully seeking to execute the duties of his office by representing the interest of the state in pursuing a criminal charge. *See e.g. Nash v. Clark County Dist. Attorney's Office*, 464 B.R. 874, 876 (9th Cir. BAP 2012). Plaintiff's actions do not even rise to the level of a concerned citizen making a criminal complaint based out of sense of societal obligation. *See e.g. In re Wiard*, 2013 Bankr. LEXIS 3313 at *17 (Bankr. D. Mont. Aug. 9, 2013). No, these were the actions of a disgruntled creditor, undaunted by the bankruptcy filing and the existence of the automatic stay, seeking to "recover a claim against the debtor that arose before the commencement of the case" and to obtain enforcement of "a judgment obtained before the commencement of the case." 11 U.S.C. § 362(a)(1), (2), and (6); *See also In re Byrd*, 256 B.R. 246, 251 (Bankr. E.D.N.C. 2000) (stating that a creditor, unlike a government's prosecuting authority, does not enjoy the full protection of Section 362(b)(1)).

Given the underlying facts, the exception to the automatic stay under Section 362(b)(1) does not apply, and Plaintiff's affirmative defense under that provision of the Code should be dismissed.

II.  Even if the Section 362(b)(1) Exception Applies, Plaintiff is Not Entitled to Its Protection.

The background of Section 362(b)(1) and cases interpreting it have made it clear that the exception to the automatic stay exists as part of "a strong policy against interference with state criminal proceedings" by federal bankruptcy courts. As stated by the Ninth Circuit in *Gruntz v. County of Los Angeles*:

Page 6 of 13 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

> We maintain the "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings." *Kelly v. Robinson*, 479 U.S. 36, 47, 93 L. Ed. 2d 216, 107 S. Ct. 353 (1986). This rule reflects a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971). It also recognizes that "the right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Kelly*, 479 U.S. at 47.

*Gruntz*, 202 F.3d 1074, 1084 (9th Cir. 1999) (en banc) (parallel citations omitted).

Defendant's counterclaim for violation of the automatic stay implicates none of these important policy considerations, as it seeks no action by this Court to restrain or sanction the state court or any prosecutorial authority. Rather, Defendant only seeks redress for actions taken by a private entity, one of Defendant's creditors, during the pendency of the bankruptcy case. Hearings and any further "proceedings" in connection with Defendant's criminal case have taken place post-petition and may occur in the future regardless of Defendant's counterclaim against Plaintiff. However, to the extent Plaintiff seeks "preferred status through the use of the criminal process," the automatic stay must prevent such action. *Pearce v. E.L.W. Corp.*, 400 B.R. 126, 132 (Bankr. N.D. Iowa 2009).

Undoubtedly, Plaintiff will argue that the *Gruntz* decision places no qualifications on the Section 362(b)(1) exception, and that the elimination of the "primary motivation" test of *Hucke v. Oregon* absolves it of any requirement to comply with the automatic stay in connection with the restitution judgment. However, post-*Gruntz* there is distinction in the relevant authorities under Section 362(b)(1) between actions taken by governmental units and those taken by private creditors. As stated by a leading bankruptcy treatise, "the exception in section 362(b)(1) is not by its terms limited to actions or proceedings by governmental units, it seems clear that this is what is intended." 3 COLLIER ON BANKRUPTCY ¶ 362.04 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.). Bankruptcy courts have

Page 7 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

taken a similar approach.

In *Fidler v. Donahue*, the debtor sought an injunction from the bankruptcy court to bar a district attorney from bringing a criminal prosecution against him for alleged bad checks. 442 B.R. 763, 765 (Bankr. D. Nev. 2010). In addition, the debtor sought an injunction against the complaining witnesses (who were creditors) to testify in such a criminal action. *Id.* The Court, analyzing the case under *Gruntz*, denied the request for an injunction against the prosecutor and against the witnesses' testimony.[1] *Id.* at 766-68. However, the Court went on to state that it "cannot enjoin a prosecutor from pursuit of a criminal charge, but it can sanction those who attempt to collect a debt that has been discharged." *Id.* at 768. Because the complaining witnesses were actively participating in an effort to collect on a discharged debt, the Court saw a clear attempt "**to use the criminal proceeding as an end-run** around the discharge order." *Id* (emphasis added). As a result, the Court reserved the right to "consider imposing sanctions up to and including disgorgement of any restitution that may result from a conviction on the relevant charges" against the offending creditors as a result of the discharge order violation. *Id.* at 769.

In *Pearce v. E.L.W. Corp.*, the debtor was a general contractor and filed a Chapter 7 case, which included the claim of a concrete company that he failed to pay. 400 B.R. at 129. Post-petition, and with knowledge of the bankruptcy filing, the office manager of the concrete company reported the matter to the local district attorney and the local police chief. *Id.* at 130. The police chief then contacted the debtor to explain the possibility of a

---

[1]The *Fidler* case involved an alleged violation of the discharge injunction, rather than the automatic stay. However, the *Fidler* court, and the Ninth Circuit Bankruptcy Appellate panel, both held that there is no meaningful difference between the automatic stay and the discharge injunction regarding criminal proceedings. *Nash*, 464 B.R. at 884, 885.

Page 8 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

charge for theft by contractor. *Id.* This criminal charge was eventually brought against the debtor. *Id.* The debtor then sought a show cause order against the concrete company for violating the automatic stay and the discharge injunction. *Id.* at 129.

The *Pearce* court reviewed the split in authority under Section 362(b)(1), including the *Gruntz* decision, as to the limit of the exception when the primary motivation of the criminal action is debt collection. *Id.* at 131-32. Ultimately, the court decided that it did not have to evaluate the intent of the criminal action. Instead, the court "recognized a distinction between conduct based upon color of state authority and private conduct." *Id.* at 132. Simply stated, "[c]reditors are not entitled to the same protections under § 362(b)(1) as is provided to the State." *Id.* Use of the criminal system by creditors, the court held, "prevents the bankruptcy court from making dischargeability determinations" and unfairly allows "a creditor to improve its position at the expense of other creditors." *Id.* The concrete company was sanctioned for its conduct as a violation of the automatic stay. *Id.* at 134.

A more bright-line test was adopted by the court in *In re Byrd*. In that case, two casinos that were creditors of the debtor reported returned checks to the local district attorney. *Byrd*, 256 B.R. at 248. The reports were made pre-petition, but the debtor was prosecuted post-petition. *Id.* That prosecution resulted in arrest warrant and the setting of bail, which ultimately was set aside when the debtor made full restitution. *Id.* at 249. The debtor then sought sanctions against the prosecuting county and the casino creditors for violating the automatic stay and the discharge injunction. *Id.*

As in *Fidler* and *Pearce*, the *Byrd* court reviewed the analysis of Section 362(b)(1) by the *Gruntz* court. *Id.* at 250-51. Following *Gruntz*, the court denied the request for

Page 9 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

sanctions against the county prosecutor and rejected the "principal motivation" test as a qualification for the Section 362(b)(1) exception to the automatic stay. *Id.* at 251, 256. As to the casino creditors, the court denied the request for sanctions as the criminal complaint was made pre-petition, but the court stressed that a creditor does not enjoy the same level of protection as the state. *Id.* The court reasoned as follows:

> The filing of a bankruptcy action should have no impact on whether a prosecuting entity elects to commence or continue a criminal action against a debtor, even if the action is based on a debt that will be dealt with in the bankruptcy case. A bankruptcy filing does, however, preclude a **creditor** from seeking to pursue criminal charges against a debtor for the primary purpose of attempting to recover a debt. Any effort to do so would violate the automatic stay.

*Id.* at 252 (emphasis in original). The consistent conclusions from *Fidler*, *Pearce*, and *Byrd* is that a creditor may not avail itself of criminal procedures as a means of collection outside of an active bankruptcy case.

Using the analysis provided by the *Fidler*, *Pearce*, and *Byrd* courts, Plaintiff is not entitled to the benefits under the Section 362(b)(1) exception to the automatic stay. The facts underlying this Motion show a clear attempt by Plaintiff to make an end-run around the bankruptcy and collect through the criminal process. The Plaintiff's actions changed this Court's ability to make dischargeability determinations and, potentially, changed the impact of any such determination. As discuss above, a finding of non-dischargeability, now, could increase the Defendant's liability to Plaintiff by over 100%. In addition, the Plaintiff is now receiving preferred payments, on account of the monthly payments on the compensatory fine and the elevated priority in the distribution of funds collected by the State, in advance of any other creditors, including priority creditors, in the bankruptcy case. As such, Plaintiff's affirmative defense under 362(b)(1) should be dimissed.

Page 10 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

III. Section 523(a)(6) Provides No Basis to Object to a Standard Discharge in Chapter 13.

The standard Chapter 13 discharge is found in Section 1328(a) of the Code. It provides that "the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt . . . of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." 11 U.S.C. § 1328(a). Clearly, paragraph (6) of Section 523(a) is not one of the enumerated exceptions to a standard Chapter 13 discharge.

Defendant has proposed and confirmed a Chapter 13 plan that, if successfully completed, will result in a discharge under Section 1328(a). As such, Plaintiff's claim under Section 523(a)(6) is without any basis and should be dismissed.

IV. A Determination of Dischargeability under Section 523(a)(6) is Not Ripe.

In the event of a request to convert the case to one under Chapter 7 or to obtain a hardship discharge under Section 1328(b), Plaintiff's claim under Section 523(a)(6) would then have a basis under those respective discharge provisions. However, no motion to convert or for a hardship discharge has been filed in this case. As such, Plaintiff's Section 523(a)(6) claim is not ripe for determination by the Court.

Courts generally analyze ripeness under two doctrines - constitutional ripeness and prudential ripeness. The question under constitutional ripeness is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Educational Credit Mgmt. Corp. v. Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) (quoting *Maryland Cas. Co. V. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). A hypothetical or abstract issue is not constitutionally ripe nor is one that

Page 11 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

"hangs on 'future contingencies that may or may not occur.'" *Coleman*, 560 F.3d at 1005 (quoting *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996).

In this case, the question of whether or not Plaintiff's claims against Defendant are dischargeable under Section 523(a)(6) in the event the case is converted to Chapter 7 or a hardship discharge is requested is entirely hypothetical. In the event the case were converted or a hardship discharge request, certainly the Court could take up the dischargeability of the claims under Section 523(a)(6) at that time. At this point, the question is unnecessary in light of the confirmed Chapter 13 and is not ripe for consideration by the Court.

The prudential ripeness doctrine would also prevent a ruling on this issue. Prudential ripeness requires the application of a two part test. *Coleman*, 560 F.3d at 1006-07. First, the Court must consider "the fitness of the issues for judicial decision." *Id.* at 1006 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). Second, the Court must consider "the hardship to the parties of withholding court consideration." *Id.* Under both parts of the *Abbott* test, Plaintiff's Section 523(a)(6) claim is not ripe.

Under the first part of the *Abbott* test, the question of dischargeability under Section 523(a)(6) is not fit for a decision. The time and effort to be spent by the parties and the Court will be for naught in the event the Defendant receives a discharge under Section 1328(a). A finding for either party would be a nullity as the discharge would not be impacted by the Court's ruling on this issue. As such, judicial economy would be best served by deferring a ruling on Plaintiff's Section 523(a)(6) claim.

Moving to the second part of the *Abbott* test, no party is harmed by withholding court consideration at this time. In a converted case or in the event of a request for a hardship

Page 12 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15

discharge, the Section 523(a)(6) claim may be fully examined by the Court and a determination rendered. The Federal Rules of Bankruptcy Procedure have expressly provided time limitations to bring such a claim in the event of a conversion to Chapter 7 or a request for a hardship discharge. *See* FRBP 1019(2)(A), 4004(c), and 4004(d). It makes no difference to any party whatsoever if this issue is ruled upon in the event the case is converted to Chapter 7 or a hardship discharge is requested, rather than ruling on the issue now. The Court should dismiss Plaintiff's claim under Section 523(a)(6) as it is not ripe for determination.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Summary Judgment should be GRANTED.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks for Ann K. Chapman
    Ann K. Chapman, OSB #83283
    Douglas R. Ricks, OSB #04402
    Of Attorneys for Defendant

Page 13 of 13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 14-03211-tmb    Doc 28    Filed 01/30/15